IN RE INTEREST OF WITHERSPOON.
STATE OF NEBRASKA, APPELLEE, V.
JAMES C. SMITH, APPELLANT.

305 N.W.2d 644

Filed May 8, 1981. No. 43433.

Patrick H. McDonnell for appellant.

Donald L. Knowles, Douglas County Attorney, and Marjorie A. Records for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

MCCOWN, J.

This is a proceeding to terminate the parental rights of an unmarried father. The District Court terminated the father's parental rights and the father has appealed.

James Witherspoon was born December 18, 1976. His mother and his father, the appellant here, were unmarried. The parents lived together for some undisclosed period of time after the birth of the child, but the relationship was a stormy one, and by sometime early in 1978 they were living apart and the son remained with his mother. The father provided some support for the son during the time they were living together but did not furnish any support after the mother and father separated.

The mother had an older child by a different father and had severe psychological, drug, and alcohol problems. On June 2, 1978, the mother called the police and asked them to pick up the children because she thought she was about to have a nervous breakdown. Thereafter the county attorney filed a petition under Neb. Rev. Stat. § 43-202(1) (Reissue 1978) to have the children declared homeless and without proper support. The children were placed in the temporary custody of Douglas County Social Services for temporary foster care. The only child involved in the present appeal is James.

On August 30, 1978, an adjudication hearing was held. The juvenile court found that James was the son of the appellant and found that James was homeless or destitute and without proper support through no fault of his parents within the meaning of § 43-202(1). The court retained custody in the Douglas County Social Services and granted the parents reasonable rights of visitation.

On October 3, 1978, a review hearing was had. At that time the appellant was living with a sister in Omaha and was employed and earning an income of $950 per month. The appellant proposed that he be given custody of James and stated that he could keep the child at his sister's home. The juvenile court ordered James' custody

to remain as previously ordered and also ordered that the appellant become involved in counseling at the Family Services on a regular basis and pay child support in the sum of $40 per month. The court also made extensive orders with respect to the mother.

On March 26, 1979, the juvenile court held another review hearing. The appellant had not paid any child support as ordered, nor had he attempted to comply with the order for counseling at Family Services. The appellant testified that his employer had reduced his hours and that he had no money left to pay child support. The juvenile court ordered appellant to participate in a positive parenting group on a weekly basis, to find and maintain adequate independent housing, and to maintain an adequate source of income for himself and his son. The court also ordered that he maintain regular visitation and pay child support of $40 per month.

On November 15, 1979, the State filed a motion to terminate the parental rights of both the mother and the father under Neb. Rev. Stat. § 43-209(6) (Reissue 1978). The mother executed a voluntary relinquishment and her parental rights were terminated on February 21, 1980.

Hearings were held on January 10 and February 5, 1980. The evidence for the State established that the appellant had failed to make any child support payments, had failed to attend parenting classes, did not obtain adequate housing independent from his sister, and had failed and refused to cooperate with the court services officer. There was also evidence that the appellant had quit his job because he did not receive a promotion he desired. The appellant's evidence was that he had various bills for which his wages were being garnished, that he had been unable to obtain other employment, and that he had failed to attend parenting classes because he already knew how to take care of children.

Following the hearings the matter was taken under advisement by the juvenile court, and on March 3, 1980,

the appellant applied to the court for custody of James upon the ground that he had been offered a job in Louisiana where he had relatives who would assist in raising James. He admitted on cross-examination that he had failed to comply with the previous orders of the court. On March 6, 1980, the juvenile court denied the application for custody and terminated the parental rights of the appellant. This appeal followed.

The appellant contends that § 43-209(6) is unconstitutionally vague. This court has previously held that the statute meets constitutional standards. See, *State v. Metteer*, 203 Neb. 515, 279 N.W.2d 374 (1979); *State v. Souza-Spittler*, 204 Neb. 503, 283 N.W.2d 48 (1979).

The right of custody and control creates a duty of care and support. *State v. Logan*, 204 Neb. 204, 281 N.W.2d 753 (1979). In the case at bar the appellant stipulated in the original proceeding that James was without proper support. The court entered an order requiring the appellant to pay $40 per month child support. For more than a year, even while he was regularly employed, appellant completely failed to comply with that order as well as with the other orders of the court. While the appellant was fully aware of what was required of him in regard to his basic parental responsibilities, he failed to make even a good faith effort to comply. Under such facts the appellant is in no position to challenge the statute as unconstitutionally vague. One to whose conduct a statute clearly applies may not successfully challenge it for vagueness. *State v. Shiffbauer*, 197 Neb. 805, 251 N.W.2d 359 (1977).

The appellant contends that parental rights may be terminated only upon presentation of clear and convincing evidence, and that the evidence is not clear and convincing that the appellant is unfit or that he has forfeited his parental rights. The right of a parent to maintain the custody of his or her child is a natural right subject only to the paramount interest which the public has in the protection of the rights of a child. In a proceeding to terminate parental rights under § 43-209(6),

there must be a determination that the child is one described in subsection (1) or (2) of § 43-202, and that reasonable efforts, under the direction of the court, have failed to correct the conditions leading to that determination. *In re Interest of Kimsey, ante* p. 193, 196, 302 N.W.2d 707, 709 (1981).

We have repeatedly held that in such cases the best interests of the child are paramount and that parental rights may be forfeited by substantial, continuous, and repeated neglect of a child and a failure to discharge the duties of parental care and protection. *State v. Jenkins*, 198 Neb. 311, 252 N.W.2d 280 (1977).

In the case at bar the evidence was clear and convincing and the trial court did not abuse its discretion in entering its order terminating the parental rights of the appellant.

AFFIRMED.

CLINTON, J., participating on briefs.

KRIVOSHA, C.J., dissenting.

I continue to believe that we are using "overkill" in these cases coming before us involving the termination of parental rights. While we concede that before parental rights may be terminated there must be clear and convincing evidence to support the need for such drastic action, we nevertheless continue to terminate rights on evidence which I believe to be less than clear and convincing. See, dissent of Krivosha, C.J., *In re Interest of Goodon, ante* p. 256, 303 N.W.2d 278 (1981); *In re Interest of Cook, ante* p. 549, 304 N.W.2d 390 (1981).

As noted by the majority in this case: "The evidence for the State established that the appellant had failed to make any child support payments, had failed to attend parenting classes, did not obtain adequate housing independent from his sister, and had failed and refused to cooperate with the court services officer." While, to be sure, the failure of appellant to pay child support is not worthy of praise and requires the court to take appropriate action, the failings of the appellant herein

appear to be not dissimilar to those of others found within our society whose parental rights are not terminated.

Moreover, appellant's failure to attend parenting classes and his failure and refusal to cooperate with a court service officer may be contrary to the court's order. The record, however, fails to disclose how that failure has in fact affected the child. Finally, I am unable to ascertain what error was committed by the appellant sufficient to terminate parental rights by reason of his failing to obtain adequate housing independent from his sister. I know of no rule of law or reason which suggests that a child is adversely affected by living with other members of the family so long as such housing is adequate for all.

The record does support the view that the appellant could perform better as a parent and that the child probably will be better cared for by another family with greater education and income. That, however, is not the criteria which we should use in terminating parental rights. I would have continued to supervise the care of the child but would not have terminated parental rights.